02D02-2307-PL-000316
Allen Superior Court 2

Filed: 7/25/2023 4:15 PM
Clerk
Allen County, Indiana
JS

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO.: |

BRENT ROWDEN,  )
   )
   Plaintiff,  )
vs.  )
WALMART, INC.,  )
   )
   Defendant.  )

## COMPLAINT

Comes now the Plaintiff, Brent Rowden ("Rowden"), by counsel, and for his causes of action against the Defendant, Walmart, Inc. ("Walmart"), states and alleges as follows:

### I.   INTRODUCTION

1.   This is an action by Rowden against Walmart for breach of his employment contract with Walmart and for promissory estoppel. Rowden began employment with Walmart on or about October 30, 2017 as a Shift Team Leader at the Walmart dairy facility located at 2150 W. Pleasant Center Road, Fort Wayne, IN 46819 and worked there until his termination on or about January 18, 2023 for allegedly being behind in his training of other employees. Rowden believes the real reason he was terminated was because he followed Walmart's "Speak Without Fear of Retaliation" ("Policy") (copy attached as Exhibit 1) contesting a disciplinary write-up he received and being informed by his Manager that he would lose half of his bonus and would receive no performance raise because of the write-up. Rowden reported his concerns to his department head, his Plant Manager, the Vice-President of Manufacturing and to Walmart's CEO Doug McMillon.

Rowden contends the reason asserted by Walmart for his termination is a pretext. All or substantially all of the Shift Team Leaders were behind in their training and none of

them were terminated or disciplined. Rowden's Plant Manager, Dan Munch, was aware Rowden has taken his concern up the corporate ladder and told Rowden's manager, Chris Kohrman, to terminate him.

Walmart's Policy protects a Walmart employee who reports a concern from retaliation. Rowden's termination was unlawful retaliation for which he seeks damages. In addition, Rowden seeks reinstatement to his position at Walmart and all other relief available at law or in equity.

## II.   **PARTIES**

2.   Rowden is an individual citizen and resident of Allen County, Indiana.

3.   Walmart is a corporation organized and existing under and by virtues of the laws of the state of Delaware with its principal office located at 702 SW 8th St. Bentonville, AR 72716.

## III.   **JURISDICTION AND VENUE**

4.   This Court has jurisdiction over this matter because Walmart does business in Allen County, IN. and this Court is the proper venue for this action because Rowden's termination from employment with Walmart took place in Allen County, IN at Walmart's dairy facility. **FACTS**

5.   Rowden incorporates by reference paragraphs 1-4 of his Complaint as if same were fully set forth herein.

6.   Although Rowden is otherwise an employee at will, during his employment at Walmart he was promised that he could speak without fear of retaliation pursuant to Walmart's Policy, a copy of which is attached to this Complaint as Exhibit 1.

7. Rowden followed Walmart's Policy contesting a disciplinary write-up he received and being informed by his Manager that he would not be paid half of his bonus and would receive no performance raise because of the write-up.

8. Rowden reported his concerns up the Walmart corporate ladder to his department head, his Plant Manager, the Vice-President of Manufacturing and ultimately to Walmart CEO, Doug McMillon. McMillon's office contacted Rowden by telephone and informed him that he should not have lost half his bonus and his performance raise because the disciplinary write-up and the matter of his bonus and performance raise were completely separate from each other.

9. Rowden was terminated on or about January 18, 2023 for allegedly being behind in his training of other employees.

10. The reason asserted by Walmart for Rowden's termination is a pretext, as all or substantially all of the Shift Team Leads were behind in their training and none of them were terminated or disciplined. Rowden's Plant Manager, Dan Munch, was aware Rowden had taken his concern up the ladder and told Rowden's manager, Chris Kohrman to terminate him

11. As a direct result of this unlawful termination, Rowden has suffered damages.

### IV. CAUSES OF ACTION

#### Count I – Breach of Contract

12. Rowden incorporates by reference Paragraphs 1 – 11 of his Complaint as if same were fully set forth herein.

13. Walmart breached the employment contract it had with Rowden when he was terminated for reporting a concern, a violation of Walmart's promise.

14. By letter dated April 20, 2023, Rowden, by counsel, contacted Walmart's Ethics and Compliance Department to express his concern that he was retaliated against in violation of Walmart's Policy. A copy of that letter is attached to this Complaint as Exhibit 2.

15. By email of that same date, April 20, 2023, Walmart emailed Rowden's lawyers acknowledging receipt of the letter and indicating that it was reviewing his concern and, after its initial review, would update him on how Walmart would handle his concern. A copy of Walmart's email to Rowden's lawyers is attached to this Complaint as Exhibit 3.

16. Neither Rowden nor his counsel have received any further communication from Walmart since its April 20, 2023 email indicating that it would review and update Rowden on how it was going to handle his concern.

17. Walmart has breached the employment agreement it had with Rowden by terminating him in retaliation for expressing a concern pursuant to the Policy and has also breached the employment contract it had with him by not appropriately investigating his report of misconduct as they promised him they would do in the Policy.

18. As a direct result of Walmart's breach of contract, Rowden has suffered damages.

19. Rowden has performed all conditions precedent to the agreement with Walmart.

### Count II – Promissory Estoppel

20. Rowden incorporates by reference paragraphs 1-19 of his Complaint as if same were fully set forth herein.

21. Walmart made a promise to Rowden that he would not be retaliated against for raising a concern under the Policy.

22. Walmart's promise was made with the expectation that Rowden and other Walmart employees would rely on the promise.

23. Walmart's promise induced reasonable reliance by Rowden of a definite and substantial nature.

24. Injustice can be avoided only by enforcement of the promise.

25. Rowden has suffered damages as a result of his reliance on the promise which was not honored by Walmart.

### V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Brent Rowden prays for judgment in his favor and the following relief:

a) back pay;

b) reinstatement or front pay;

c) costs of this action; and

d) all other relief appropriate under the circumstances.

Respectfully submitted,

**THEISEN HUBLEY LAW**

/s/ *John C. Theisen*
John C. Theisen, #549-02
Nathaniel O. Hubley, #28609-64
810 South Calhoun Street, Suite 200
Fort Wayne, IN 46802
Telephone: (260) 422-4255
Facsimile: (260) 422-4245
*Attorneys for Plaintiffs*